**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0 ⊙ Valuation of Security    0 ⊙ Assumption of Executory Contract or Unexpired Lease    0 ⊙ Lien Avoidance

Last revised: December 1, 2017

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
YOLANDA MERCED

Debtor(s)

Case No.: __18-21780__

Judge: __Gambardella__

### Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: __August 21, 2018__

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☒ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __GR__    Initial Debtor: __YM__    Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ _____150_____ per _____month_____ to the Chapter 13 Trustee, starting on _____July 1, 2018_____ for approximately _____36_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

Rental income from daughter who resides with Debtor pursuant to terms of written lease agreement.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 41 Sisco Place, Clifton, New Jersey
Proposed date for completion: __September 11, 2018__

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

Debtor has non-dischargeable student loan debt that she will pay outside the Plan.

| Part 2: | Adequate Protection ☐ NONE |
|---|---|
| | a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor). |
| | b. Adequate protection payments will be made in the amount of $ __1893__ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: __Bank of America__ (creditor). |

| Part 3: | Priority Claims (Including Administrative Expenses) |
|---|---|

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ TBD |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of America | Mortgage | $82,648 | 4% | None | $1893 |
| Passaic Valley Water Commission | Water Bill | $544.94 | 12% | $544.94 | $50 (estimated) |
| City of Clifton | Sewer Bill | $232.28 | 12% | $232.28 | $40 (estimated) |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Passaic Valley Water Commission
City of Clifton

**g. Secured Claims to be Paid in Full Through the Plan:** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Passaic Valley Water Commission | Lien on 41 Sisco Place, Clifton, NJ | $544.94 |
| City of Clifton | Lien on 41 Sisco Place, Clifton, NJ | $232.28 |

### Part 5: Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| U.S. Dept. of Education | Non-dischargeable student loan obligations | Paid outside plan | $123,000 |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:   Motions ☒ NONE**

**NOTE:** All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Secured Claims
3) Administrative & professional fees
4) Unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____June 11, 2018_____ .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To provide for distribution to secured creditors holding liens for unpaid water and sewer charges. | Part 4 of the Plan is being modified to provide for payment in full of unpaid liens for water and sewer charges through the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☒ Explain here:

Debtor will pursue loss mitigation with mortgage holder Bank of America. If approved, Debtor will cure mortgage arrears through loan modification with the lender.

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: August 21, 2018                               /s/ Glenn R. Reiser
                                                    Attorney for the Debtor

Date: August 21, 2018                               /s/ Yolanda Merced
                                                    Debtor

Date: _____                        _____
                                                    Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: August 21 2018

/s/ Glenn R. Reiser
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: August 21, 2018

/s/ Yolanda Merced
Debtor

Date: _____

_____
Joint Debtor

```
                              United States Bankruptcy Court
                                    District of New Jersey

In re:                                                             Case No. 18-21780-RG
YOLANDA MERCED                                                     Chapter 13
       Debtor                    CERTIFICATE OF NOTICE
District/off: 0312-2         User: admin                 Page 1 of 2          Date Rcvd: Aug 28, 2018
                             Form ID: pdf901             Total Noticed: 30


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 30, 2018.
db             +YOLANDA MERCED,    41 Sisco Place,    Clifton, NJ 07011-4149
517584049      +Amanda Ortiz,    41 Sisco Place,    Clifton, NJ 07011-4149
517584051      +Bank of America, N.A.,     100 N. Tryon Street,    Charlotte, NC 28255-0001
517675641       Bank of America, N.A.,     PO Box 31785,   Tampa, FL 33631-3785
517584050      +Bank of America, N.A.,     Attn: KML Law Group, P.C.,    216 Haddon Avenue, Suite 406,
                 Collingswood, NJ 08108-2812
517584055      +Capital One Bank,    Attn: Alliance One Receivables Mgmt Inc,    4850 Street Road, Suite 300,
                 Feasterville Trevose, PA 19053-6643
517584056      +City of Clifton,    900 Clifton Avenue,    Clifton, NJ 07013-2708
517584057       Clarity Solutions Center, LLC,     100 W Town and Country Rd #1250,    Orange, CA 92868
517584058       Family Medical Care of Clifton,     Attn: Pacific Global Billing,    751 Teaneck Road,
                 Teaneck, NJ 07666-4242
517584059      +Gastroenterology Associates of NJ,     PO Box 51074,   Newark, NJ 07101-5174
517658610      +High Focus Centers,    c/o Fein Such Kahn & Shepard PC,    7 Century Dr., Suite 201,
                 Parsippany, NJ 07054-4609
517584060      +New Jersey Imaging Network LLC,     27695 Network Place,    Bridgeport, CT 06673-0001
517584061      +Optimum,   Attn: CBHV,    PO Box 831,    155 North Plank Road,   Newburgh, NY 12550-1747
517584062      +Passaic County Sheriff,    77 Hamilton Street,    Paterson, NJ 07505-2070
517584063       Passaic Valley Water Commission,     PO Box 11393,   Newark, NJ 07101-4393
517584065       Rushmore Service Center,    PO Box 5508,    Sioux Falls, SD 57117-5508
517584066       U.S. Department of Education,     PO Box 530260,   Atlanta, GA 30353-0260
517584067      +U.S. Department of Education,     Account Control Tech,   5531 Business Park South, Suite 100,
                 Bakersfield, CA 93309-1656

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 28 2018 23:26:28     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 28 2018 23:26:25     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517584048       E-mail/Text: roy.buchholz@allianceoneinc.com Aug 28 2018 23:25:31
                 Alliance One Receivables Mgmt Inc,    PO Box 3111,   Southeastern, PA 19398-3111
517584054      +E-mail/Text: payments@brsi.net Aug 28 2018 23:27:10     Business Revenue Systems,    PO Box 8986,
                 Fort Wayne, IN 46898-8986
517584053      +E-mail/Text: payments@brsi.net Aug 28 2018 23:27:10     Business Revenue Systems,
                 2419 Spy Run Avenue,    Fort Wayne, IN 46805-3262
517595755      +E-mail/PDF: acg.acg.ebn@americaninfosource.com Aug 28 2018 23:32:05
                 Capital One Auto Finance, a division of Capital On,    AIS Portfolio Services, LP,
                 4515 N Santa Fe Ave. Dept. APS,    Oklahoma City, OK 73118-7901
517623343       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 28 2018 23:32:04
                 Capital One Bank (USA), N.A.,    PO Box 71083,   Charlotte, NC  28272-1083
517588493      +E-mail/Text: bankruptcy@cavps.com Aug 28 2018 23:26:43     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
517669855       E-mail/Text: bkr@cardworks.com Aug 28 2018 23:25:25     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,   Greenville, SC 29603-0368
517584064       E-mail/Text: bankruptcy@pseg.com Aug 28 2018 23:25:30     PSE&G,   Credit & Collections Center,
                 PO Box 490,   Cranford, NJ 07016-0490
517693612      +E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 28 2018 23:26:39     Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,   Saint Cloud Mn 56302-7999
517586179      +E-mail/PDF: gecsedi@recoverycorp.com Aug 28 2018 23:32:01     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517588494*     +Cavalry SPV I, LLC,    500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
517584052    ##+Bank of America, NA,    Bankruptcy Department,   PO Box 26012, NC4-105-02-99,
                 Greensboro, NC 27420-6012
                                                                                   TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

```
District/off: 0312-2                  User: admin                    Page 2 of 2                    Date Rcvd: Aug 28, 2018
                                      Form ID: pdf901                Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 30, 2018                                            Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 27, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    BANK OF AMERICA, N.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Glenn R Reiser    on behalf of Debtor YOLANDA   MERCED greiser@new-jerseylawyers.com,
               r.gr75895@notify.bestcase.com
              Kevin Gordon McDonald    on behalf of Creditor    BANK OF AMERICA, N.A. kmcdonald@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann   Greenberg    magecf@magtrustee.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```